UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ROSS,

        Petitioner,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 04-CV-71773-DT
　　　　　　　　　　　　　　　　　　HONORABLE AVERN COHN

SHERRY BURT,

        Respondent.
_____/

### OPINION AND ORDER DISMISSING PETITION
### FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner, an inmate at the Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus claiming that he is being held in violation of his constitutional rights. Respondent asserts that the petition should be dismissed because Petitioner has failed to fully exhaust state court remedies. The Court agrees. For the reasons set forth below, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

**II.**

In 1998, Petitioner was convicted of unarmed robbery, assault with intent to do great bodily harm less than murder, and third-degree fleeing and eluding a police officer following a jury trial in the Wayne County Circuit Court. Petitioner was originally sentenced to 21 to 40 years imprisonment as a fourth habitual offender on those

convictions.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims challenging the accuracy of information at sentencing, his impeachment with a non-existent prior felony conviction, the proportionality of his sentence, and the effectiveness of trial counsel for failing to object to the sentencing information and for failing to object to the impeachment evidence. The Court of Appeals affirmed his convictions, but remanded the case for resentencing. *People v. Ross*, No. 217112, 2001 WL 760183 (Mich. Ct. App. Jan. 30, 2001). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as claims that trial counsel was ineffective in impeaching witnesses, that the trial court was biased, and that a plea offer was erroneously based on a fourth habitual offender charge. The Michigan Supreme Court denied leave to appeal. *People v. Ross*, 465 Mich. 864 (2001).

On March 15, 2001, the trial court resentenced Petitioner as a third habitual offender to 16 to 30 years imprisonment. Petitioner thereafter filed an appeal as of right challenging his resentencing with the Michigan Court of Appeals, which affirmed his new sentence. *People v. Ross*, No. 234032, 2002 WL 31934144 (Mich. Ct. App. Nov. 19, 2002). In December, 2002, Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, raising his sentencing issues, as well as new claims that he was impeached with a prior non-existent felony, that the trial judge was biased, and that counsel was ineffective. The Michigan Supreme Court denied leave to appeal. *People v. Ross*, 468 Mich. 939 (2003). Petitioner's motion for reconsideration was also denied. *People v. Ross*, 468 Mich. 939 (2003).

Petitioner filed a previous habeas petition with this Court on November 15, 2002

raising the following claims: (1) ineffective assistance of counsel; (2) impeached with non-existing felony to raise level to 4th Habitual; and (3) trial judge showed bias from first day in circuit court. The Court dismissed that petition without prejudice on June 18, 2003 because Petitioner had failed to fully exhaust state court remedies.

Petitioner filed the present habeas petition on May 11, 2004 asserting the following claims as grounds for relief: (1) he was denied the effective assistance of counsel; (2) he should be granted a new trial where he was impeached with evidence of a non-existent prior felony conviction; (3) he is entitled to a new trial where the trial judge was biased from the onset of the proceedings; (4) perjury was committed by the victim and a witness where their testimonies changed completely from what was given in initial police reports; and (5) the victim and a witness were coerced to escalate the charges. Respondent has filed an answer to the petition asserting, in part, that it should be dismissed on exhaustion grounds. Petitioner has filed a rebuttal to the answer contending that his claims have merit.

### III.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A petitioner must present each ground to both appellate courts. See *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); see also *Castille v. Peoples,* 489 U.S. 346, 349 (1989) (submission of claims to state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and

3

important reasons"). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. The record before this Court indicates that he has not presented his fourth and fifth habeas claims, concerning alleged witness perjury and coercion, to any of the state courts. Additionally, he only raised his judicial bias claim before the Michigan Supreme Court, which is insufficient to exhaust state remedies. *See Castille*, 489 U.S. at 349. Petitioner has additional remedies in the state courts which must be exhausted before seeking habeas relief in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq*.

Petitioner's remedies in the Michigan courts must be fully exhausted before he seeks habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled under 28 U.S.C. § 2254. The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

### IV.

For the reasons stated above, Petitioner has not fully exhausted his state court remedies.  Accordingly, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

                                _s/Avern Cohn_____
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

DATED:  November 10, 2005